IN IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH HILLS,<br>   Plaintiff,<br><br>  v.<br><br>ARCELORMITTAL,<br>   Defendant. | CIVIL ACTION NO. 12-6769 |

**Baylson, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　**April 18, 2013**

## MEMORANDUM AND ORDER

  Plaintiff Joseph Hills filed a Complaint against his employer, ArcelorMittal Plate LLC, on December 5, 2012. (ECF 1). The original Complaint did not include any causes of action, but it alleged the company had engaged in disparate treatment of its employees, including Plaintiff, on the basis of race, and that it maintained a racially hostile work environment. (Complaint ¶¶ 11-21) (ECF 1). The relief sought was that the Court "[e]nter a declaratory judgment that the Defendant ArceloMittal's discriminatory and retaliatory acts, policies, practices and procedures herein has violated the rights of the Plaintiff as secured by federal and state legislative enactments and common law public policy in the United States and Pennsylvania Constitutions." (Id. at 9).

  Defendant filed a Motion to Dismiss on February 11, 2013 (ECF 4), which will be DENIED as moot. Defendant contended Plaintiff had failed to "identify a single cause of action under which he seeks relief." (Id. at 1). Moreover, Defendant argued, even if the Court were to evaluate Plaintiff's allegations "in the context of Title VII," the Complaint would still be deficient because it failed to allege facts that plausibly supported claims for disparate treatment or a racially hostile work environment. (Id. at 2).

  Plaintiff filed a Response on April 1, 2013. (ECF 6). The Response was essentially the submission of an Amended Complaint – it stated: "Pursuant to the Rules of Civil Procedure[,] Plaintiff is able to attempt correction of the defects set forth in the Motion by virtue of the Amended Complaint," (id. at 1), and it was filed alongside an Amended Complaint. (ECF 5). The Amended Complaint repeated many of the statements from the initial Complaint –

particularly the allegations of disparate treatment and the maintenance of a hostile work environment – but it also contained new allegations. It averred that Plaintiff had been asked by Defendant to testify against several African American employees in a lawsuit in 2006, and that Plaintiff was fired in retaliation in 2011 for his testimony. (Amended Complaint ¶¶ 16-30) (ECF 5). The Amended Complaint contained one cause of action, charging Defendants with "retaliatory practices violative of 42 U.S.C. § 1981." (Id. ¶ 34).

Defendant filed a Reply on April 11, 2013. (ECF 7). The Reply contained two basic arguments. First, that the Amended Complaint should be dismissed because it was improperly filed – an amendment as of right may only be filed within 21 days after service of a Rule 12(b) motion, and the Amended Complaint here was filed 49 days after service of Defendant's Motion to Dismiss. (Reply at 2) (ECF 7). Second, the Reply argued in the alternative that if the Amended Complaint is deemed properly filed, it should be dismissed for pleading defects similar to those in the original Complaint. (Id. at 3-4).

The Court will **ORDER** that Plaintiff's Amended Complaint be allowed to proceed, despite the fact that it was late. While Plaintiff's counsel offered no reasons for the delay in the filing – i.e., why the Amended Complaint was filed 49 days after service of the Motion to Dismiss, rather than 21 days after – the Court will consider Plaintiff's Response of April 1, 2013 (ECF 6), even though tardy, as a Motion to File an Amended Complaint. The Amended Complaint contains considerable new factual allegations pertaining to Plaintiff's termination, and a new cause of action for retaliation. (ECF 5). The Court notes that Plaintiff's original Complaint would be held sufficient if the Amended Complaint is ignored.

Therefore, the Court considers ECF 5 as the Amended Complaint in this case and Defendant's Reply of April 11, 2013 (ECF 7) as a Motion to Dismiss. Plaintiff has fourteen (14) days to respond and Defendant may file a reply brief within seven (7) days thereafter.

**BY THE COURT:**

**/s/ Michael M. Baylson**

**Michael M. Baylson, U.S.D.J.**